IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES HOWARD SHIFFLETT,**

   Petitioner,

v.                      Civil no. 3:05-cv-59
                        Crim no. 3:99-cr-42(4)
                        (Judge Broadwater)

**UNITED STATES OF AMERICA,**

   Respondent.

**<u>REPORT AND RECOMMENDATION THAT PETITION BE DENIED AS TO FOUR GROUNDS, SETTING AN EVIDENTIARY HEARING ON GROUND THREE, APPOINTING COUNSEL FOR THE EVIDENTIARY HEARING AND PROVIDING THAT COUNSEL, PARTIES AND WITNESSES MORE THAN 40 MILES FROM THE WHEELING PART OF HOLDING COURT MAY APPEAR BY VIDEO OR TELEPHONE CONFERENCING</u>**

On June 16, 2005, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On July 25, 2005, I determined that summary dismissal of the petition was not warranted and directed the respondent to file an answer. Petitioner filed a brief in support of his § 2255 motion and the respondent filed an answer. Petitioner filed a reply to the government's response on January 26, 2006. Therefore, this case, before me for an initial review and report and recommendation pursuant to LR PL P 83.01, <u>et</u> <u>seq.</u>, is ripe for review.

### I. Procedural History

**<u>A Conviction and Sentence</u>**

Petitioner was indicted in the United States District Court for the Northern District of West Virginia on August 19, 1999. On December 6, 1999, petitioner pled guilty to distributing

oxycodone in violation of Title 21 U.S.C. § 841(a)(1). On March 27, 2000, petitioner was sentenced to a term of imprisonment of 192 months.

**B. Direct Appeal**

Petitioner did not file a direct appeal of his conviction and sentence.

**C. First Federal Habeas Corpus**

On March 27, 2001, petitioner filed his first Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Petitioners' motion was summarily dismissed on April 5, 2001.

**D. Other Collateral Proceedings**

On January 29, 2004, petitioner filed a motion to reduce sentence. The United States filed a response on February 2, 2004. Petitioner filed a reply on March 24, 2004. On November 15, 2004, and April 25, 2005, the Court conducted hearings on the petitioner's motions. By Order dated April 29, 2005, the Court granted petitioner's motion to reduce sentence and imposed a term of 151 months incarceration. Consequently, the Court issued an Amended Judgment Order that same day. Petitioner did not appeal his amended sentence.

**E. Second Federal Habeas Corpus**

**Shifflett's Contentions**

On June 16, 2005, petitioner initiated this case under § 2255. In the petition, and the brief in support, petitioner asserts the following grounds for relief:

(1) his sentence is unconstitutional in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), because

(a) the federal sentencing guidelines are unconstitutional; and

(b) his sentence was enhanced by factors not considered by a jury;

(2) counsel was ineffective for not objecting to the unconstitutional enhancement;

(3) counsel was ineffective for failing to appeal petitioner's amended sentence;

(4) the government breached the plea agreement by failing to file a Rule 35 motion for reduction of sentence after petitioner testified against Tommy Sims in state court;

(5) the government improperly double counted the pills in petitioner's Presentence Investigation Report (PSI); and

(6) counsel was ineffective for not objecting to the double-counting.

**<u>Government's Response</u>**

In its response to the motion, the respondent asserts that petitioner's § 2255 motion should be denied because

(1) the second § 2255 motion does not set forth new issues that originated at the time of re-sentencing, therefore, the motion should be dismissed as a second or successive petition;

(2) petitioner's re-sentencing occurred after <u>Booker</u> was decided, therefore, his sentence was not imposed under the mandatory sentencing guidelines and <u>Booker</u> has no bearing on petitioner's re-sentencing procedure;

(3) petitioner waived the issues raised in his second § 2255 motion because he did not file an appeal of his re-sentencing;

(4) to the extent that petitioner challenges the legality of his original sentence, <u>Booker</u> is not retroactive to cases on collateral review;

(5) the amount of relevant conduct was stipulated by the parties at the Rule 11 plea hearing, in the original plea agreement, and again at re-sentencing, therefore, it was not

necessary to prove that conduct beyond a reasonable doubt;

(6) there is nothing in the record to support petitioner's assertion that counsel was ineffective; and

(7) the United States Attorney's Office never promised to make a motion for a sentence reduction under Rule 35(b), nor did Trooper Brian Bean, and even if he had, Trooper Bean did not have the authority to bind the United States Attorney's Office to such a promise.

**Shifflett's Reply**

In his reply to the government's response, the petitioner assets that:

(1) because he was re-sentenced, the government's argument that this is a second or successive petition is misleading; and

(2) petitioner failed to raise his § 2255 issues on direct appeal because counsel was ineffective for not filing a notice of appeal.

## II. Analysis

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va Jan. 4, 2006).

**A. Successive Petition**

To the extent that petitioner asserts claims arising from the original sentence imposed in

March of 2000, those claims should be dismissed as successive. Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, in order to bring a second or successive habeas petition, the petitioner must first receive authorization from the appropriate court of appeals. See 28 U.S.C. § 2255. A second or successive motion will only be certified by the Court of Appeals if it contains (1) newly discovered evidence that would establish by clear and convincing evidence that no reasonable juror would have found the movant guilty or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Id.

Here, petitioner filed two motions with the Fourth Circuit Court of Appeals for authorization to file a second or successive habeas petition. The Fourth Circuit denied both motions. See Doc. 302 and 328. Accordingly, any claims in the instant case that relate to the original sentence, should be dismissed as successive. For that reason, the undersigned will only specifically address those claims related to petitioner's re-sentencing.[1]

**B. Ground One**

In ground 1(a), petitioner asserts that his sentence is unconstitutional because the Court applied the mandatory sentencing guidelines at his re-sentencing. However, as noted by the respondent, petitioner was resentenced more than three months after Booker was decided. Thus, the Court was well aware of the Booker decision at that time and did not unconstitutionally apply the mandatory federal sentencing guidelines to petitioner's amended sentence. Accordingly, ground 1(a) should be denied.

---

[1] Pursuant to In re Taylor, 171 F.3d 185, 187-188 (4th Cir. 1999), a motion is not second or successive if the petitioner seeks to raise only issues originating from a re-sentencing hearing. Thus, the petitioner may seek to vacate an amended sentence without authorization from the court of appeals. Id.

In ground 1(b), petitioner asserts that his sentence was unconstitutionally enhanced by factors not considered by a jury. However, as noted by the respondent, petitioner's relevant conduct was stipulated to in the original plea agreement and again at re-sentencing. Therefore, there was no need to otherwise prove relevant conduct beyond a reasonable doubt and ground 1(b) should be denied.[2]

**C. Ground Two**

In ground two, petitioner asserts that counsel was ineffective for failing to object to his unconstitutionally enhanced sentence. However, the undersigned has already determined that petitioner's sentence was not unconstitutionally enhanced. Therefore, counsel could not be deficient for failing to object and petitioner suffered no prejudice. See Strickland v. Washington, 466 U.S. 668 (1984) (finding that in order to sustain an ineffective assistance of counsel claim, petitioner must demonstrate that counsel's representation was deficient, and that, but for that deficiency, the results of the proceedings would have been different.)

**D. Ground Three**

In ground three, petitioner asserts that counsel was ineffective for failing to file an appeal of his amended sentence. The Fourth Circuit Court of Appeals has held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). In rendering this decision, the Court opined:

---

[2] Additionally, to the extent that petitioner argues that his original sentence is unconstitutional in light of Booker, that argument is foreclosed by the Fourth Circuit's decision in United States v. Morris, 429 F.3d 65 (2005) (finding that Booker has not been made retroactively applicable to cases on collateral review).

6

> Persons convicted in federal district courts have a right to a direct appeal. Coppedge v. United States, 369 U.S. 438, 82 S.Ct.917, 8 L.E.2d 21 (1962). In addition, the Sixth Amendment right to counsel extends to the direct appeal, Douglas v. California, 372 U.S. 353, 83 S.Ct. 917, 8 L.Ed.2d 811 (1963), and it obligates the attorney to file the appeal and identify possible issues for the court even if, in the attorney's opinion, those issues are not meritorious. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Id. at 41.

Further, in Roe v. Flores-Ortega, 528 U.S. 470 (2000), the United States Supreme Court recognized that "[i]f counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Flores-Ortega, at 478.

In this case, petitioner asserts that he tried to appeal the errors made at his re-sentencing, but that counsel failed to respond to his requests. Therefore, petitioner asserts counsel was per se ineffective for failing to file a notice of appeal as instructed. Although the government did not specifically address this issue in its response to the petition, the government did generally assert that petitioner's ineffective assistance of counsel claims were without merit because there is no evidence in the record to show that petitioner ever made such a request. However, the government was not privy to the confidential exchanges that took place between the petitioner and his attorney. Moreover, the government has failed to provide any information from the petitioner's attorney regarding what instructions, if any, he received regarding an appeal.

Accordingly, because the petitioner's motion and the Government's response do not conclusively establish that petitioner is entitled to no relief, I find that an evidentiary hearing is necessary to determine whether petitioner requested his attorney file an appeal and whether

7

counsel ignored or refused such instructions.  See 28 U.S.C. §2255 (providing in pertinent part that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."); see also United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000).

**E.  Ground Four**

In ground four, petitioner asserts that the government breached the plea agreement when it failed to file a Rule 35(b) motion for reduction of sentence after petitioner cooperated with authorities and was instrumental in obtaining a conviction against Tommy Sims.  However, a review of petitioner's plea agreement shows that petitioner agreed to be "completely forthright and truthful with Federal officials in the Northern District of West Virginia with regard to all inquires made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto."  Doc. 145 at ¶ 3.  In exchange, the government agreed that "[n]othing contained in any statement or any testimony given by [petitioner], pursuant to paragraph 3, will be used against him as the basis for any subsequent prosecution" and that "any information obtained from [petitioner] in compliance with this cooperation agreement will be made known to the sentencing Court . . ."  Id. at ¶ 4.

Noticeably missing is an agreement between the parties that the government would file a Rule 35(b) motion if petitioner cooperated and helped the State obtain a conviction of Tommy Sims.  To the extent that petitioner argues that he had an understanding with Trooper Bean, or any other officials outside of the plea agreement he made with the United States, in paragraph 14

8

of the plea agreement, petitioner agreed that "[t]he above thirteen (13) paragraphs constitute the entire agreement between [petitioner] and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement." Id. Petitioner and his counsel signed and dated each page of the plea agreement. Moreover, on the last page of the agreement, petitioner acknowledged that he "read and under[stood] the provisions of each paragraph herein" and "fully approve[d] of each provision."

Accordingly, petitioner's claim that the government breached the plea agreement by failing to file a Rule 35(b) motion after petitioner helped the State obtain a conviction against Tommy Sims, is refuted by the record and should be denied.

## F. Ground Five

In ground five, the petitioner asserts that the Court improperly double-counted the number of pills in determining relevant conduct. This issue should have been raised on direct appeal and is waived. See United States v. Frady, 456 U.S. 152 (1982) ("[A] final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal."); see also Bousley v. United States, 523 U.S. 614 (1998) (finding that the failure to raise a claim on direct appeal may result in a procedural default barring collateral review). "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-493 (4th Cir. 1999).

In this case, petitioner claims that counsel was ineffective for failing to file a notice of

appeal, and therefore, he should not be barred from raising this claim in a § 2255 proceeding. The undersigned has determined that an evidentiary hearing is needed to resolve the issue of whether or not petitioner requested counsel file an appeal. That decision will affect whether petitioner can show cause and prejudice for the failure to raise the double-counting issue on direct appeal. Therefore, I will defer making a recommendation on the double-counting claim until such time as the evidentiary hearing on counsel's ineffectiveness is complete.

## G.  Ground Six

In ground six, petitioner asserts that counsel was ineffective for failing to object to the improper double-counting of pills. However, the respondent notes that the basis for petitioner's re-sentencing was an amendment to the sentencing guidelines that lowered the weight attributed to a pill. Response at 9, n. 3. Because petitioner and his co-defendant's made similar arguments related to this amendment, the hearings on this issue were mostly all inclusive. Id. at 9. Accordingly, each defendant presented the Court with an assessment of what he or she thought was the appropriate weight calculation under the amendment. Id. The government also presented its assessment of the appropriate weights. Id. Not surprisingly, the defendants' assessments did not match the government's assessments. Id. at 10. As a result, the issue of double-counting was raised by one of petitioners' co-defendants. Id. 9-10. However, the court considered that argument as to each defendant. Id. at 10.

With regard to the issues of weight and relevant conduct, the Court found that despite the amendment to the sentencing guidelines, each of the defendants was still bound by his or her stipulation in the original plea agreements. Id. Therefore, the Probation Office was directed to conduct an independent calculation of the weights to be attributed to each defendant. Id. The

assessment by the Probation Officer landed in between the positions taken by the parties.  Id. Thus, that assessment was agreed to by the parties and was thereby adopted by the Court.  Id.

With this in mind, the undersigned finds that counsel was not ineffective.  Even if petitioners' counsel was not the one who objected to the alleged double counting, this failure was neither deficient nor prejudicial.  The objection was made and the issue was considered as to each defendant.  Therefore, there was no need for each defendant's individual counsel to make the same objection.  Moreover, petitioner cannot prove prejudice as he agreed to the assessment of the Probation Officer and has failed to assert that, but for the alleged deficiency, he would not have pled guilty.  Because petitioner cannot show that counsel's performance was either deficient or prejudicial under Strickland,  ground six should be denied.

### III.  Recommendation

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion as to:

- Ground One - petitioner's sentence is unconstitutional in light of United States v. Booker;
- Ground Two - counsel was ineffective for failing to object to the unconstitutional enhancements;
- Ground Four - the government breached the plea agreement by failing to file a Rule 35(b) motion;
- Ground Six - that counsel was ineffective for not objecting to the double-counting of pills.

However, the undersigned will hold an evidentiary hearing as to Ground Three --

11

ineffective assistance of counsel for failing to file an appeal of petitioner's amended sentence -- on **June 6, 2006** at **10 a.m.** at the Wheeling point of holding court. Moreover, the undersigned will defer making a recommendation as to whether Ground Five -- the alleged improper double counting of pills -- is procedurally barred until after the evidentiary hearing.

**Brendan S. Leary** is appointed to represent petitioner at the evidentiary hearing solely for the purpose of determining whether petitioner instructed his counsel to file an appeal of the amended sentence.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[3]

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: April 25, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).